Joe Lee CLIFTON, Appellant,

v.

The STATE of Texas, State.

No. 2–99–546–CR.

Court of Appeals of Texas,
Fort Worth.

June 15, 2000.

Rehearing Overruled July 20, 2000.

Law Offices of Don Gladden, Don Gladden, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Section and Asst. Crim. Dist. Atty., Tanya S. Dohoney, D.D. Handy, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

PANEL B: DAY and HOLMAN, JJ.; JOHN HILL, J. (Retired, Sitting by Assignment).

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Joe Lee Clifton appeals his conviction for assault with bodily injury. In a single point, he complains that the trial court erred by failing to instruct the jury on the issue of self-defense and by denying his motion for a new trial. Because the trial court did not err, we affirm the trial court's judgment.[1]

---

1. In his motion for new trial, Appellant argued that the court erred by refusing to submit an instruction regarding self-defense in the jury charge. Because the resolution of

## I. BACKGROUND

Appellant and Kyle Sanderfer dated for approximately two years. On September 14, 1998, Kyle invited Appellant over for dinner. After eating, the two began arguing because Appellant wanted to go home. Kyle tried to prevent Appellant from leaving, but he eventually made it outside. Kyle followed him and told him that she did not want him to leave and that they needed to calm down. Appellant got on his motorcycle and took off across the yard. Kyle ran out in front of him and blocked his path. After Appellant stopped the motorcycle, Kyle reached over and turned off the engine. Kyle and Appellant continued to yell and scream at each other. Appellant then restarted the engine, told Kyle to get out of the way, and seeing an opportunity to make a break for it, took off.

During the escape, Kyle became entangled with the motorcycle. She was dragged, which caused her to suffer severe abrasions on her legs. Kyle testified that she was standing directly in front of the motorcycle when Appellant took off, and she estimated that the distance between her and the motorcycle was about five inches. Appellant testified that he took off only after Kyle had stepped around to the right side of the motorcycle, which created a clear path, and that he did not know that she had become entangled. He also stated that Kyle had slapped him three times prior to the accident and that the only reason he took off was so that he could get away from her.

## II. SELF–DEFENSE

■■■ It is well established that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. See TEX. PENAL CODE ANN. § 9.31 (Vernon Supp.2000). However, before an instruction on self-defense is warranted,

the defendant has the burden of coming forward with evidence that sufficiently raises the issue. See Riddle v. State, 888 S.W.2d 1, 6 (Tex.Crim.App.1994), cert. denied, 514 U.S. 1068, 115 S.Ct. 1701, 131 L.Ed.2d 563 (1995); Hayes v. State, 728 S.W.2d 804, 807 (Tex.Crim.App.1987) (op. on reh'g); Smith v. State, 676 S.W.2d 584, 586–87 (Tex.Crim.App.1984); Shelvin v. State, 884 S.W.2d 874, 878 (Tex.App.—Austin 1994, pet. ref'd). If this burden is met, the right to the instruction enures to the defendant regardless of whether the evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of his defense. See Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim.App.1996); Miller v. State, 815 S.W.2d 582, 585 (Tex.Crim.App.1991) (op. on reh'g). On the other hand, if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. See Dyson v. State, 672 S.W.2d 460, 463 (Tex.Crim.App. 1984).

■■■ In this case, Appellant was charged with misdemeanor assault. A person commits the criminal offense of assault when he intentionally, knowingly, or recklessly causes bodily injury to another. See TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp.2000). Therefore, the issue in this case is whether there is any evidence that Appellant used force to counter force, and if so, whether Appellant's use of force was reasonable. After carefully reviewing the record, we conclude that the evidence at trial was insufficient to raise the issue of self-defense because there was no evidence that Appellant used force to counter force. Appellant testified that the only reason he took off was because he wanted to leave and because he had an opportunity to do so when Kyle stepped out of his way. While there was evidence that Kyle had slapped him, there was no evidence that

one complaint resolves the other, both com-    plaints are addressed as a single issue.

Appellant ran over Kyle in order to protect himself. Nor was there any testimony that Appellant was in fear of bodily harm. Appellant testified that he took off when he saw he had a clear path and that he did not know that Kyle had been injured until her son called him later that night.

### III. CONCLUSION

After carefully reviewing the record, we conclude that the trial court did not err by refusing to charge the jury on the issue of self-defense because the evidence did not sufficiently raise the issue. We overrule Appellant's single point and affirm the trial court's judgment.