11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Miguel Orlando Renteria

a/k/a Michael Orlando Renteria

Appellant

Vs.                   Nos.
11-02-00062-CR & 11-02-00063-CR  --  Appeals from Palo Pinto
County

State of Texas

Appellee

 

The jury convicted appellant on two charges of
aggravated assault with a deadly weapon and assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of 20 years for each conviction.  The jury imposed an additional fine of $5,000 in Cause No.
11-02-00063-CR.  Appellant brings three
issues on appeal.  We affirm.

The two charges of aggravated assault arise from
an altercation occurring over the course of one evening between appellant and
the female victim.  Appellant and the
victim had been involved in a romantic relationship for a brief period prior to
the assault.  The altercation occurred
at the victim=s
house.  The record reflects that
appellant had been staying at the victim=s
house prior to the altercation.

The victim was the only witness to the altercation
who testified.  Appellant arrived at the
victim=s house
sometime after dark on the night in question. 
When she confronted appellant regarding misrepresentations that he had
purportedly made to her regarding his work history, an argument subsequently
ensued.  The victim asked appellant to
leave her house numerous times during the argument, but he refused.  She eventually told appellant, AIf you don=t stop [badgering me], I=m going to pop you in the
mouth.@   He then climbed on top of her and choked
her.  After the victim fell to the
floor, appellant struck the victim several times with his fists.  








The victim testified that she briefly escaped
appellant=s attack by
running into a bedroom.  She attempted
to call the police, but she was unable to complete the call because appellant
ripped the phone cord from the wall.  He
then shoved the muzzle of a shotgun into her mouth as the struggle
resumed.   The victim was able to remove
the gun=s barrel from
her mouth immediately before appellant fired the gun.  Appellant then dragged the victim to the living room, at which
time he began striking her in the face with the butt of the shotgun.  

The attack eventually stopped.  The victim testified that appellant then
asked her to help him find his shoes. 
The victim attempted to run out of the back door of the house at this
point, but appellant caught her and dragged her back into the living room.  He then threw her down on a love seat;
pointed the shotgun at her head; and told her that, if she got up again, he
would blow her brains out.  After pacing
around the house and making a telephone call on another phone, appellant left
the shotgun on a bathroom counter and walked into a bedroom.  The victim then grabbed the shotgun and
began firing it as appellant approached her, at which point appellant fled the
house.   A neighbor assisted the victim
in calling the police.  Appellant ran to
another neighbor=s
house and called the police from there.  
The record reveals that the victim suffered numerous facial fractures as
a result of the assault and required extensive reconstructive surgery to repair
the damage.  

The indictment in Cause No. 11-02-00062-CR alleges
that appellant intentionally or knowingly threatened the victim with imminent
bodily injury and that he used or exhibited a deadly weapon, to-wit: a firearm,
during the commission of the offense. 
The indictment in Cause No. 11-02-00063-CR alleges that appellant intentionally,
knowingly, or recklessly  caused  bodily injury to the victim by hitting her
in the face and that he used or exhibited a deadly weapon, to-wit: a firearm,
during the commission of the offense. 
Appellant argues in his first issue that the two convictions constitute
multiple punishments for the same offense in violation of his double jeopardy
protections.  He acknowledges in
presenting this contention that he did not raise a claim of double jeopardy at
the trial court level.  We must,
therefore, determine if appellant is permitted to present  his double jeopardy claim for the first time
on appeal.  








The Court of Criminal Appeals recently addressed
the presentation of a double jeopardy 
claim for the first time on appeal in Gonzalez v. State, 8 S.W.3d 640
(Tex.Cr.App.2000).   The court held that
a double jeopardy claim can be presented for the first time on appeal when: (1)
the undisputed facts show that the double jeopardy violation is clearly
apparent on the face of the record and (2) the enforcement of usual rules of
procedural default serves no legitimate state interests.  Gonzalez v. State, supra at 643.  Our review of the record does not reveal a
double jeopardy violation clearly apparent on the face of the record.   As set forth below, we find that no double
jeopardy violation occurred. 

Double jeopardy is prohibited under both the
United States Constitution[1]
and the Texas Constitution.[2]   The double jeopardy clause embodies three
essential guarantees: (1) it protects against a successive prosecution for the “same
offense” after acquittal; (2) it protects against a successive prosecution for
the “same offense” after conviction; and (3) it protects against multiple
punishments for the “same offense.”  See
Iglehart v. State, 837 S.W.2d 122, 126-27 (Tex.Cr.App.1992).  When a defendant is convicted of two or more
crimes in a single trial, only the multiple punishment clause is
implicated.  See Ex parte Herron, 790
S.W.2d 623, 624 (Tex.Cr.App.1990).  The
United States Supreme Court articulated the test used for determining the “same
offense” for purposes of double jeopardy analysis in Blockburger v. United
States, 284 U.S. 299 (1932).  The Blockburger
test asks whether each offense contains an element not contained in the other; if
not, they are not the "same offense," and double jeopardy bars
additional punishment and successive prosecution.  See Mallett v. State, 65 S.W.3d 59, 68 (Tex.Cr.App.2001).








Cause No. 11-02-00062-CR alleged that appellant
committed the offense of aggravated assault by threatening the victim.  See TEX. PENAL CODE ANN. 22.01(a)(2) (Vernon
Supp. 2002).  Cause No. 11-02-00063-CR
alleged that appellant committed the offense of aggravated assault by causing
bodily injury to the same victim.  See  TEX. PENAL CODE ANN.  22.01(a)(1) (Vernon Supp. 2002).  Even though the two offenses have the same
name and are defined within the same statute, they involve different
elements.  As such, they do not
constitute the same offense under the Blockburger test.  Moreover, the evidence does not indicate a
single instance of conduct.  See Ervin
v. State, 991 S.W.2d 804, 814 (Tex.Cr.App.1999).  Appellant threatened the victim with imminent bodily injury after
his physical attack upon her concluded. 
Appellant’s first issue is overruled.

Appellant complains in his second issue of the
trial court denying his offer of testimony from the victim’s former husband
regarding the victim’s alleged violent character.  Appellant contends that the evidence was admissible to establish
that the victim was the first aggressor. 
The Court of Criminal Appeals recently held in Torres v. State, 71
S.W.3d 758, 760 (Tex.Cr.App.2002), that a defendant “who raises the issue of
self-defense” may introduce evidence of the victim’s violent character under
TEX.R.EVID. 404(a)(2).  The raising of
any issue of self-defense is, therefore, a prerequisite to the admission of
evidence regarding the victim’s violent character.  Torres v. State, supra at 761 (“Before a specific, violent act is
introduced, however, there must be some evidence of a violent or aggressive act
by the [victim] that tends to raise the issue of self-defense.”)

The trial court determined that appellant had not
raised an issue of self-defense at the point in the proceedings when appellant
sought to offer evidence of the victim’s violent character.  A defendant is entitled to an instruction on
self-defense if the issue is raised by the evidence, whether that evidence is
strong or weak, unimpeached or contradicted, and regardless of what the trial
court may think about the credibility of the defense.  See Ferrel v. State, 55 S.W.3d 586, 591 (Tex.Cr.App.2001).  On the other hand, if the evidence, viewed
in the light most favorable to the defendant, does not establish self-defense,
the defendant is not entitled to an instruction on the issue.  See Ferrel v. State, supra at 591.  








TEX. PENAL CODE ANN.  9.31(a) (Vernon Supp. 2002) provides that a person is justified in
using force against another when and to the degree he reasonably believes the
force is immediately necessary to protect himself against the other’s use or
attempted use of unlawful force.  In
order to raise the issue of self-defense in an assault case, the evidence must
indicate that the defendant used force to counter force and that the defendant’s
use of force was reasonable.  See
Clifton v. State, 21 S.W.3d 906, 907 (Tex.App. Fort Worth 2000, pet’n ref’d).  Viewing the evidence in the light most
favorable to appellant, the issue of self-defense was not raised.  As noted previously, appellant did not
testify at trial. There was no evidence that appellant was trying to protect
himself from the victim’s use or attempted use of force at the time of the
altercation.  The victim’s statement
that she would “pop” appellant in the mouth if he did not stop badgering her
did not raise an issue of self-defense because the use of force against another
is not justified in response to verbal provocation alone.  See TEX. PENAL CODE ANN. 9.31(b)(1) (Vernon
Supp. 2002).  Appellant’s second issue
is overruled.  

Appellant’s third issue attacks the admission of
two photographs depicting the victim’s injuries after the altercation.  A trial court’s decision to admit or exclude
evidence is reviewed under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608, 615
(Tex.Cr.App.2001).  An appellate court
will not reverse a trial court’s ruling unless that ruling falls outside the
zone of reasonable disagreement.  Burden
v. State, supra at 615.  Appellant first
argues that the photographs were not relevant because the indictments did not
allege that he committed aggravated assault by causing serious bodily
injury.  However, the indictment in
Cause No. 11-02-00063-CR did allege that appellant caused bodily injury to the
victim by hitting her in the face. 
Accordingly, the photographs were relevant because they evidenced the
fact that appellant caused bodily injury to the victim’s face.   Photographs are generally admissible where
verbal testimony about the same matters is admissible.  Emery v. State, 881 S.W.2d 702, 710
(Tex.Cr.App.1994).  








Appellant further argues that the probative value
of the photographs were outweighed by their prejudicial effect.   When determining whether the trial court erred
in admitting relevant photographs into evidence, our review is limited to
determining whether the probative value of the photos is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury or by considerations of undue delay or needless
presentation of cumulative evidence. 
See TEX.R.EVID. 403; Jones v. State, 944 S.W.2d 642, 651
(Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997); Long v. State, 823
S.W.2d 259, 271 (Tex.Cr.App.1991).  The
two photographs in question are 5" x 7" in size.  One photograph depicts the victim’s face
while the victim is wearing a neck collar and padding to stabilize her
head.  The other photograph depicts a
close-up of the victim’s left eye.  Both
of the photographs reveal that the victim sustained serious facial trauma.  However, the photographs do not appear to be
enhanced in any way.  Moreover, they are
no more gruesome than the facts of the offense itself.  Sonnier v. State, 913 S.W.2d 511, 519
(Tex.Cr.App.1995).  Our review of the
record does not indicate that the trial court abused its discretion in
admitting the photographs into evidence. 
Appellant’s third issue is overruled.

The judgments of the trial court are
affirmed.  

 

PER CURIAM

 

August 15, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]U.S. CONST. amend. V
provides:

 

No person shall be held to answer for a
capital, or otherwise infamous crime, unless on a presentment or indictment of
a Grand Jury, except in cases arising in the land or naval forces, or in the
Militia, when in actual service in time of War or public danger;  nor shall any person be subject for the same
offense to be twice put in jeopardy of life or limb; nor shall be compelled in
any criminal case to be a witness against himself;  nor be deprived of life, liberty, or property, without due
process of law;  nor shall private
property be taken for public use, without just compensation.





    
[2]TEX. CONST. art. I, ' 14 provides:

 

No person, for the same offense, shall be
twice put in jeopardy of life or liberty, nor shall a person be again put upon
trial for the same offense, after a verdict of not guilty in a court of
competent jurisdiction.