Affirmed and Memorandum Opinion filed February 13, 2003














Affirmed and
Memorandum Opinion filed February 13, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01140-CR

____________

 

CHRISTOPHER MICHAEL BUTLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from
County Court at Law Number Two 

Brazoria County, Texas

Trial Court
Cause No. 117,514S

____________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Christopher Michael Butler
appeals his assault conviction, asserting that the evidence was legally and
factually insufficient to support his conviction because of a variance between
the information and the trial evidence. 
Appellant also asserts the trial court erred in refusing to give the
jury an instruction on self-defense.  We
affirm.  




 








I.  Factual and Procedural
Background

            Police responded to two calls from
appellant’s house.  The first was
apparently in response to a call from appellant, who was arguing with his
girlfriend, Amanda Evans, and wanted her to leave.  The police arrived just before midnight and told appellant his girlfriend
had a right to stay at his house because she had lived there for more than a
year.  There was no indication of
violence when police responded to the first call.

            The second call came in the early
morning hours from Amanda Evans. 
Sergeant Vincent Garcia of the Freeport Police Department was the first
to respond to the second call.  When
Sergeant Garcia arrived, he found Evans outside the home crying and in
pain.  He could tell she had been struck
in the face because she had redness and swelling in her left eye.  She told Sergeant Garcia that her boyfriend
had assaulted her.  Evans was seven
months pregnant at the time and was wet from the waste down.  A medic and emergency-room nurse also
testified that Evans reported, in the course of treatment, that appellant had
struck her face.

            Officer Matt Wise of the Freeport
Police Department arrived at the scene after Sergeant Garcia, and he saw Evans
lying in the front yard, near the ambulance, screaming and crying.  The officers arrested appellant at the scene,
and Officer Wise drove appellant to the police station.  En route, appellant asked Officer Wise about
his girlfriend’s condition.  Officer Wise
informed appellant that Evans had possibly gone into early labor.  Although appellant never said he hit or
injured Evans, he stated that he was a “sorry SOB” for what he had done to his
girlfriend.

            Appellant was charged by
information with assaulting “Amanda Butler,” and he pleaded not guilty.  At trial all evidence pertained to Amanda
Evans, who was appellant’s girlfriend at the time of the offense.  The trial evidence consisted of an ambulance
report, an emergency-room report, and the testimony of several witnesses,
including Evans.  The jury found
appellant guilty, and the trial court assessed punishment at seventy-five days’
confinement in the Brazoria County Jail. 


II.  Analysis and Discussion

A.        Is the evidence legally
and factually insufficient?

            In his
first and second issues, appellant asserts the evidence adduced at trial is
legally and factually insufficient to support his conviction.  The only argument appellant makes in support
of these issues is that the information charged him with assault of “Amanda
Butler,” but all of the evidence at trial pertained to Amanda Evans.  Appellant argues this was a fatal variance
because this charging instrument was the only source he had that identified the
complainant in this case.

            When there is a variance
between the State’s charging instrument and proof, we must affirm the trial
court’s judgment unless the record shows the variance was material.  Gollihar v. State,
46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  A
variance is material if it (1) deprives the defendant of notice of the charges
against him; or (2) subjects the defendant to later prosecution for the same
offense.  Id.  In Fuller
v. State, the Texas Court of Criminal Appeals held that a variance between
the name in a charging instrument and the proof adduced at trial is immaterial
when the complainant’s name is not a substantive element of the offense and
there is no indication in the record that the defendant was thereby deprived of
notice or subjected to double jeopardy. 
73 S.W.3d 250, 254 (Tex. Crim. App. 2002).  In
Fuller, the indictment charged the
defendant with “injury to an elderly individual” committed against “Olen M.
Fuller,” appellant’s father.  Id. at
251.  However, during trial the parties
only referred to the complainant as “Mr. Fuller” or “Buddy” and the prosecution
did not present any evidence that he was Olen M. Fuller.  Id. at
251–54.  The evidence that defendant
injured the elderly victim by punching him in the face was sufficient because
it provided “proof of every fact necessary to constitute the crime charged of
‘injury to an elderly individual.’”  Id. at 253.    As in Fuller, the evidence in this case is
sufficient because there is evidence of every fact necessary to constitute
assault and the variance did not deprive appellant of notice or subject him to
double jeopardy.  A person commits an
assault if he “intentionally, knowingly, or recklessly causes bodily injury to
another.”  Tex. Pen. Code § 22.01.  The evidence in the record is sufficient to
support the conviction because it provides proof of every fact necessary to
constitute assault, i.e., that
appellant hit and injured another.  The
variance is immaterial because nothing in the record shows appellant “did not
know whom he was accused of injuring or that he was surprised by the proof at
trial.”  Fuller, 73 S.W.3d at 254. 
Furthermore, the variance did not subject appellant to another
prosecution for the same offense because the entire record, not just the
charging instrument, may be referred to in protecting against double jeopardy
in the event of subsequent prosecution.  See id. (citing Gollihar, 46 S.W.3d at 258).[1]  Because the variance between the information
and evidence adduced at trial is immaterial, we hold the evidence is legally
and factually sufficient to support the conviction.  We overrule appellant’s first and second
issues.

            B.  Did the trial court err by not charging the
jury on self-defense?

            Appellant asserts in his third issue
that the trial court committed reversible error because it did not charge the
jury on self-defense.  Appellant argues
he was entitled to a self-defense instruction because the evidence raised the
issue of self-defense.  See Granger
v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999)
(holding that an accused is entitled to an instruction on any defensive issue
raised by the evidence, whether the evidence is strong or weak, unimpeached or contradicted, and regardless of what court
may or may not think about the credibility of this
evidence).  Section 9.31 of the Texas
Penal Code provides that a person is “justified in using force against another
when and to the degree he reasonably believes the force is immediately
necessary to protect himself against the other’s use or attempted use of
unlawful force.” Tex. Pen. Code §
9.31.  We must decide whether the
evidence, viewed in the light most favorable to appellant, is sufficient to raise
the issue of self-defense.  See Lavern v. State, 48 S.W.3d 356, 360
(Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d) (en banc).  Though a non-testifying defendant may be
entitled to a jury charge on self-defense, it is rare for this defense to be
raised when the defendant does not testify. 
Id. 

            Evans’s testimony at trial was
inconsistent and somewhat contradictory. 
She testified that she loved appellant and did not want him prosecuted
in this case. Initially, she stated that she remembered telling the police that
appellant hit her, but that these statements were not true. She testified that
her “injuries did not occur from Mr. Butler” and that he did not hit her. She
stated that she was the violent one in her relationship with appellant.  According to Evans’s trial testimony, she hit
appellant a few times and slapped him once, and he did not have any way of
getting away.  She also stated that
appellant attempted to defend himself and that the swelling in her face could
have been due to appellant’s defensive actions. 
On the other hand, Evans also testified that her facial injuries
resulted from her falling down in anger. 
On redirect examination, Evans testified that she hit appellant twice in
the chest with her fist, pushed him, slapped him once, and that, in response,
appellant “stood there looking at [Evans].” 
Evans said that appellant did not hit her back but that he “[g]rabbed [her] hands or put his hands up to defend
himself.”   

            The
evidence does not show that appellant believed force was immediately
necessary  to defend himself.  Evans testified in part that appellant did
not cause the injuries to her face and that appellant did not respond to her
alleged attack on him.  This testimony
does not raise the issue of self-defense. 
Though, at one point, Evans did say that appellant attempted to defend
himself and that the swelling in her face could have been due to appellant’s
defensive actions, this testimony does not raise the issue of self-defense
because it is not evidence that, at the time appellant used force against
Evans, he was in fear of harm and believed force was immediately necessary to
defend himself.[2]  See Barree v. State, 621 S.W.2d 776, 779 (Tex. Crim. App. 1981) (holding trial court did not err in
refusing to charge jury on self-defense because there was no evidence appellant
was in fear of receiving unlawful force from complainant at the time of the
offense); Clifton v. State, 21 S.W.3d
906, 908 (Tex. App.—Fort Worth 2000, pet. ref’d)
(stating there was no testimony that appellant was in fear of bodily harm); McFarland v. State, 834 S.W.2d 481,
487–88 (Tex. App.—Corpus Christi  1992,
no pet.) (finding no error in refusal to charge jury on self-defense when there
was no evidence showing appellant believed the use of force was immediately
necessary to protect himself).  

            Because the evidence at trial did
not raise the issue of self-defense, the trial court correctly denied
appellant’s request for a self-defense jury instruction.  Accordingly, we overrule appellant’s third
issue.  

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment. 


 

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 13, 2003.

Panel
consists of Justices Yates, Anderson, and Frost.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  Appellant’s reliance on Ward v. State is misplaced because in that case the
misidentification of the building-owner complainant in the indictment went to a
substantive element of the charged offense, namely the consent of the
owner.  See Ward v. State, 829
S.W.2d 787, 788 (Tex. Crim. App. 1992), overruled on other grounds, Riney v. State,
28 S.W.3d 561 (Tex. Crim. App. 2000).  





            [2]  We do not address the reasonableness of any
such belief by appellant, which would have been an issue for the jury if
self-defense were otherwise raised by the evidence.  See
Hayes v. State, 728 S.W.2d 804, 806–09 (Tex. Crim.
App. 1987).