In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00209-CR


______________________________




RITA ANN EHRHARDT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,923-2001




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Rita Ann Ehrhardt was charged by indictment with recklessly causing bodily injury
to Timbre Reid, a child younger than fifteen years of age, by biting Reid, a family member,
on the arm. See Tex. Pen. Code Ann. § 22.04 (Vernon 2003) (injury to a child). The
indicted offense was a state jail felony. See Tex. Pen. Code Ann. § 22.04(f). Ehrhardt
waived a jury trial and submitted the matter to the trial court. The trial court found Ehrhardt
guilty as charged in the indictment and assessed punishment at one year's confinement
in the Wood County jail, probated for a period of two years, and a $500.00 fine. See Tex.
Pen. Code Ann. § 12.44 (Vernon 2003) (reduction of state jail felony punishment to
misdemeanor punishment). The trial court did not enter an affirmative finding of family
violence. On appeal, Ehrhardt challenges the legal and factual sufficiency of the evidence. 
She contends the State did not present sufficient evidence to overcome her claim of self-defense. 

 A person commits the offense of injury to a child if he or she recklessly causes
bodily injury to a person fourteen years of age or younger. Tex. Pen. Code Ann. § 22.04. 
A person acts recklessly if, "with respect to circumstances surrounding his conduct or the
result of his conduct when he is aware of but consciously disregards a substantial and
unjustifiable risk that the circumstances exist or the result will occur." Tex. Pen. Code Ann.
§ 6.03(c) (Vernon 2003). Our law also recognizes the doctrine of self-defense, which
excuses from criminal sanction the defendant's use of force against an attacker when
certain circumstances are proven at trial. "[A] person is justified in using force against
another when and to the degree he reasonably believes the force is immediately necessary
to protect himself against the other's use or attempted use of unlawful force." Tex. Pen.
Code Ann. § 9.31(a) (Vernon 2003). 

 "The use of force against another is not justified: . . . if the actor provoked the
other's use or attempted use of unlawful force," unless the actor abandoned the encounter
and the other continued or attempted to use unlawful force against the actor. Tex. Pen.
Code Ann. § 9.31(b) (Vernon 2003). The defendant has the burden to come forward with
evidence of self-defense. Clifton v. State, 21 S.W.3d 906, 907 (Tex. App.-Fort Worth
2000, pet. ref'd). 

 Once a defendant brings forth evidence to support a theory of self-defense, the
state bears the burden of persuasion to disprove this defense. Zuliani v. State, 97 S.W.3d 
589, 594 (Tex. Crim. App. 2003). The state may satisfy this burden of persuasion by
meeting its simultaneous burden of proving its case-in-chief beyond a reasonable doubt. 
Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); Boget v. State, 40 S.W.3d
624, 626 (Tex. App.-San Antonio 2001), aff'd, 74 S.W.3d 23 (Tex. Crim. App. 2002). This
is because "[t]he burden of persuasion is not one that requires the production of evidence,
rather it requires only that the State prove its case beyond a reasonable doubt." Zuliani,
97 S.W.3d at 594 (citing Saxton, 804 S.W.2d at 913-14). When the fact-finder finds a
defendant guilty, there is an implied finding against the defensive theory. Id. 

 To prevail on a claim of self-defense, a defendant must admit some affirmative
physical conduct toward the other party-usually admitting the charged offense-and then
offer self-defense as a justification. Anderson v. State, 11 S.W.3d 369, 372 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd) (cited favorably in Wallace v. State, 75 S.W.3d
576, 586 (Tex. App.-Texarkana 2002), aff'd, 106 S.W.3d 103 (Tex. Crim. App. 2003)); see
Willis v. State, 790 S.W.2d 307, 314-15 (Tex. Crim. App. 1990); Withers v. State, 994
S.W.2d 742, 745-46 (Tex. App.-Corpus Christi 1999, pet. ref'd); Holloman v. State, 948
S.W.2d 349, 352 (Tex. App.-Amarillo 1997, no pet.). 

 Nicole Marie Russell testified that, on September 9, 2001, Ehrhardt came to her
home in an intoxicated condition. She said Ehrhardt sat on an ant mound while in the back
yard. When Russell and Reid tried to get Ehrhardt out of the ants, Ehrhardt struck Russell
in the face. Russell testified Ehrhardt continued shoving, pushing, slapping, and hitting her
and Reid. Russell also saw Ehrhardt biting Reid. 

 Reid testified she is fourteen years old and was trying to help Ehrhardt get to a
vehicle so someone could take her home. Ehrhardt then fell on Reid as she was trying to
stand up. Ehrhardt then bit Reid and would not release the bite until Russell forced
Ehrhardt to stop biting. Reid denied striking or assaulting Ehrhardt before she was bitten.

 Ehrhardt admitted she bit Reid. Ehrhardt testified she did so because she wanted
to be allowed to move away from the ants without assistance. According to Ehrhardt's
testimony, when Reid and Russell continued to pull on Ehrhardt's arms, despite her
protests, Ehrhardt bit Reid to get Reid to release her arm.

 When reviewing legal sufficiency, we examine the evidence in the light most
favorable to the verdict and affirm if a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Simmons v. State, No. 1840-02, 2003 Tex. Crim. App. LEXIS 161, at *5-6 (July 2,
2003). Whether the evidence satisfies the legal sufficiency test is a question of law. Collins
v. State, 969 S.W.2d 114, 116 (Tex. App.-Texarkana 1998, pet. ref'd). If we find the
evidence legally insufficient, we must reverse the conviction and order an acquittal. Id. In
conducting our review, we must also remember that the fact-finder is the exclusive arbiter
of witness credibility and the weight to be given any or all of the witness testimony. 
Jackson v. State, 3 S.W.3d 58, 60 (Tex. App.-Dallas 1999, no pet.).

 When faced with conflicting testimony, we must defer to the trial court's resolution
of facts when the record supports such a resolution. The trial court's judgment in this case
suggests it found the more credible testimony to be that of Reid. Such a finding is
supported by Ehrhardt's admission that she was consuming alcohol on that day and Reid's
testimony that Ehrhardt was intoxicated at the time she bit Reid. Viewing the evidence in
the light most favorable to the verdict, the testimony established Ehrhardt acted at least
recklessly when she bit the arm of Reid, a child fourteen years of age or younger, without
justification. Accordingly, the evidence is legally sufficient to support the judgment. We
overrule Ehrhardt's first point of error and turn to whether the evidence is factually sufficient
to support the trial court's judgment.

 [W]hen a defendant challenges the factual sufficiency of the rejection
of a defense, the reviewing court reviews all of the evidence in a neutral light
and asks whether the State's evidence taken alone is too weak to support
the finding and whether the proof of guilt, although adequate if taken alone,
is against the great weight and preponderance of the evidence.

 

Zuliani, 97 S.W.3d at 595. This standard of review recognizes the potential for the
evidence to be legally sufficient to support the conviction while simultaneously being
factually insufficient.

 Viewing all the evidence before the trial court in a neutral light, the State's evidence
in this case, taken alone, was not too weak to support the judgment. Russell and Reid
both testified Ehrhardt hit Russell in the face and bit Reid while they were trying to help her
get away from the ants and to a vehicle. Both Reid and Russell testified they did nothing
to provoke Ehrhardt's assault against Reid. The trial court saw photographs of Reid's
injuries, which would tend to corroborate her testimony regarding the bite she suffered. 
Viewing all the testimony and exhibits in a neutral light, the evidence is not so weak as to
be insufficient to support the trial court's judgment.

 Nor is the State's evidence supporting guilt against the great weight and
preponderance of contrary evidence. Reid and Russell testified they did nothing to
provoke Ehrhardt's act of biting Reid. Ehrhardt and her daughter, Cynthia, both testified
Russell and Reid attacked first. However, the trial court's resolution of this conflicting
evidence in favor of the State does not go against the "great weight" or preponderance of
contrary evidence. Ehrhardt's second point of error is overruled.

 We affirm the judgment.



 Donald R. Ross

 Justice



Date Submitted: August 25, 2003

Date Decided: August 26, 2003


Do Not Publish