AFFIRMED; Opinion Filed April 1, 2019.



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-00221-CR**

**JHAN EMAD BAHAR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-85847-2017**

**MEMORANDUM OPINION**
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellant, Jhan Emad Bahar, was charged by information with the misdemeanor offense of family violence assault. A jury convicted Bahar of the offense as alleged in the information. The trial court assessed punishment at ninety days' confinement in the county jail, suspended her sentence, and placed her on community supervision for a period of twelve months and assessed a fifty dollar fine. In her sole issue on appeal, Bahar contends the trial court erred in failing to instruct the jury on self-defense. We disagree and affirm the trial court's judgment.

**BACKGROUND**

Bahar and Richard Popp worked together and were dating. Popp testified that on June 17, 2017 they went to a co-worker's housewarming party. When they got into the car to drive home, Bahar began yelling at Popp because someone at the party made a comment that gave her the impression that Popp and their boss's wife were involved in a relationship. Popp testified that as

they drove, the argument escalated and Bahar hit him on the side of the face causing pain and bruising below his eye. He reacted to being hit by slapping Bahar's hand away from his face. Popp then got out of the car but soon got back in because he thought they could talk it out once they got home.

Popp testified that once he was back in the car, they continued driving and arguing. When they reached a stop sign, Popp got out of the car again. Bahar told him she was going to call the cops and drove off. After Bahar came back and they were able to "talk it out for the most part," Popp got back into the car and they drove until they stopped in front of a QuikTrip where Popp began to record Bahar with his phone.

Popp's recording was admitted into evidence and published to the jury. The video shows Bahar making a phone call and shouting "You want to see psycho?" while slapping herself in the face twice and then hitting Popp in the face once. When Bahar discovered that Popp was filming her, she screamed hysterically at Popp. Bahar's phone then rang and when she answered it, she asked several times if it was the police, and said "This fucking guy has been abusing me for hours. He's been abusing me for hours. I didn't do anything." Bahar then unbuckled her seat belt, opened the car door, and threw herself out of the moving car. Popp immediately stopped the car and ran to towards Bahar. Three women were already at the scene attending to her.

Officer Bobby Hill from the Frisco Police Department responded to the scene and spoke to Bahar. She told him they were driving back to Dallas after attending a house warming party when they got into an argument over Popp possibly cheating on her. Bahar told him that she jumped out of the car because Popp was driving very erratically and she was afraid for her life because she did not have a seat belt on. She told the officer she asked Popp several times to pull over and when he did not, she called 911 and then jumped out of the car. Officer Hill testified Bahar told him that while they were in the car, Popp punched her in the left shoulder twice but that

–2–

she felt no pain. Later, the story changed from being "punched" to being "pushed." When Officer Hill looked at her left shoulder, he did not see any visible marks consistent with having been hit.

Officer Hill's body cam video of his interview with Bahar was also admitted into evidence and shown to the jury. In addition to the officer's testimony regarding what Bahar told him, Bahar explained that Popp was yelling and screaming at her and went into a road rage. She felt unsafe and asked him to pull over so they could talk about it. She told the officer that it was her third attempt to jump out of the car and that she had been trying to jump out of the car for ten minutes before she actually jumped. She said Popp hit her a couple of times before he filmed her hitting herself. When Officer Hill asked how he hit her, Bahar said it was in the shoulder, demonstrating how and where he hit her and told the officer that "what scared [her] the most was his road rage . . ." When questioned further about being hit, Bahar demonstrated that Popp hit her on the shoulder with the palm of his open hand. When asked if it hurt her, she shook her head and said "It wasn't hurtful. No physical pain did not hurt me, the road rage scared the living shit out of me." After further conversation, Officer Hill went back to the subject of Popp hitting Bahar and asked, "So it didn't cause you any pain when he hit you?" to which Bahar replied, "No, he hit me but it was more like he was trying to provoke me . . . he was trying to provoke me by fucking road rage, and it was the road rage that scared me the most." When asked if it offended her, Bahar stated "It seemed not offensive but it was provocative."

Officer Hill also spoke with Popp and testified that Popp's right eye was red and swollen and starting to bruise underneath. Officer Hill's body cam video showing his interview with Popp was also shown to the jury. For the most part, Popp's testimony at trial mirrored his recitation of events to the officer. In his interview with Officer Hill, Popp denied that he ever hit Bahar.

After talking to Popp and watching the video taken by Popp, Officer Hill arrested Bahar for assault family violence. While she was being handcuffed, Bahar said "He's the one who hit me first . . . he set me up."

A recording of the seven 911 phone calls that the Frisco Police Department received related to this incident were also admitted into evidence and played for the jury. One of the callers told the operator that the woman who jumped out of the passenger seat of the car claimed that the person who was driving her was beating her.

### ANALYSIS

In her sole issue, Bahar contends the trial court erred in failing to instruct the jury on self-defense. She claims her statements about being abused to the 911 dispatcher and the civilians who helped her after she threw herself out of the car, her statement to the arresting officer that "he hit me first" and that Popp punched her in the shoulder, as well as Popp's admission that he slapped Bahar is sufficient evidence to raise the issue of self-defense. The State argues the evidence at trial did not adequately raise self-defense. We agree with the State.

A defendant is entitled to a jury instruction on self-defense if the issue of self-defense is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense. *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017). When determining whether an instruction on self-defense should have been provided, we view the evidence in the light most favorable to the defendant's requested instruction. *Id*. If the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. *Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004); *Clifton v. State*, 21 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, pet. ref'd); *Broussard v. State*, 809 S.W.2d 556, 558 (Tex. App.—Dallas 1991, pet. ref'd).

–4–

A defense is supported or raised by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury would support a rational inference that that element is true. *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007). In determining whether a defense is supported, a court must rely on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Id.* at 658. If a jury were instructed as to a defense even though the evidence did not rationally support it, the instruction would constitute an invitation to the jury to return a verdict based on speculation. *Id.* "Whether a defense is supported by the evidence is a sufficiency question reviewable on appeal as a question of law." *Id.*

"Self-defense is a justification for otherwise unlawful conduct." *Torres v. State*, 7 S.W.3d 712, 714 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Under Section 9.31 of the penal code, a person is justified in using force against another when and to the degree that person reasonably believes the force is immediately necessary to protect himself against another person's use or attempted use of unlawful force. TEX. PENAL CODE § 9.31(a); *Gamino*, 537 S.W.3d at 510.

Bahar was charged with misdemeanor assault. A person commits the offense of assault when he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE § 22.01(a)(1). Thus, the issue in this case is whether there is any evidence Bahar used force to counter force, and if so, whether her use of force was reasonable. *See Clifton*, 21 S.W.3d at 907.

The evidence showed that Bahar hit Popp two times while they were in the car, the first time occurring shortly after they got in the car to go home and Bahar started yelling at Popp, and the second time as shown in the video taken by Popp. Since the video clearly shows that Bahar did not hit Popp the second time in response to any assault or physical contact by Popp, the only evidence that could arguably raise the issue of self-defense pertains to the first time Bahar hit Popp in the eye and consists of Bahar's statements about being abused to the 911 dispatcher and the

civilians who helped her after she threw herself out of the car, Bahar's statement to the investigating officer that Popp hit her in the shoulder, and the statement she made while being arrested that "He's the one who hit me first . . ." .

However, this evidence, even when viewed in the light most favorable to the requested instruction, does not support a determination that Bahar caused bodily injury to Popp when using force to protect herself from Popp's use of force. In the context in which her statement, "[h]e's the one who hit me first," was made, it is clear that Bahar was not referring to defending herself against any force used by Popp that she immediately needed to protect herself from; rather the statement was made in the context of having already told the police about Popp hitting her in the shoulder. Indeed, when Bahar elaborated on the circumstances leading to her jumping out of the car, she did not tell Officer Hill that Popp had been abusing her as she claimed to the dispatcher or civilians, she only told the officer that when they were arguing, Popp went into a road rage and that at some point, he hit her in the shoulder. When questioned further about being hit, she stated several times that it did not hurt her and she had no physical pain. She clarified even further, stating that "it was the road rage that scared her" and that she thought he was trying to provoke her by "fucking road rage." When asked if it [being hit on the shoulder] offended her, she told the officer it was not offensive, "but it was provocative."

In light of Bahar's statements to the police, we conclude that the evidence is not sufficient to support a rational jury finding that Bahar reasonably believed it was immediately necessary to hit Popp in the face to protect herself from his use of force. There is no evidence that Bahar was in fear of bodily harm from having been hit by Popp. If the jury had been given a self-defense instruction, the instruction would have constituted an invitation to the jury to return a verdict based on speculation.

–6–

We conclude that the trial court did not err by refusing to charge the jury on the issue of self-defense because the evidence did not sufficiently raise the issue. *See Clifton*, 21 S.W.3d at 907–08 ("While there was evidence that Kyle slapped him, there was no evidence that appellant ran over Kyle in order to protect himself. Nor was there any testimony that Appellant was in fear of bodily harm."); *cf. Holloman v. State*, 948 S.W.2d 349 (Tex. App.—Amarillo 1997, no pet.) (self-defense instruction should have been given because testimony indicated defendant's wife was the first to use force, defendant feared for his safety, and defendant met force with force). Bahar's sole issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180221F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JHAN EMAD BAHAR, Appellant

No. 05-18-00221-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-85847-2017.
Opinion delivered by Justice Partida-Kipness, Justices Bridges and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of April, 2019.