Salvador **RODRIGUEZ**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 07–11–0093–CR.

Court of Appeals of Texas, Amarillo, Panel C.

Jan. 16, 2013.

John Bennett, Attorney at Law, Amarillo, TX, for Appellant.

Jason Ferguson, Assistant District Attorney, Pampa, TX, for the State.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

## ORDER ON STATE'S MOTION FOR REHEARING

PATRICK A. PIRTLE, Justice.

Following the issuance of our original opinion[1] and judgment, the State filed a motion for rehearing contending Appellant was not entitled to a section 9.42 defense of property instruction[2] because "he did not admit the charged conduct." Remaining convinced that our original opinion and judgment were correct, we write to address the contentions raised by the State's motion for rehearing.

### THE STATE'S CONTENTION

The State now contends that Appellant was not entitled to a defense of property instruction because he did not admit to commission of the offense of aggravated assault causing serious bodily injury.[3] While acknowledging that Appellant did admit to conduct which would constitute the offense of assault as defined by section 22.01 of the Texas Penal Code, the State argues that "appellant is not entitled to a defense instruction with respect to evidence that does nothing more than negate an element of the offense." (*Citing Shaw v. State*, 243 S.W.3d 647 (Tex.Crim.App. 2007)). Here, the only element of the offense of aggravated assault Appellant did not specifically admit was that his conduct caused serious bodily injury to the complainant.

### APPELLANT'S RESPONSE

Appellant counters the State's argument by contending he did admit to conduct that, under the law of parties,[4] was sufficient to sustain a conviction of aggravated assault. The State counters this argument by contending Appellant never testified to or admitted that his brother's conduct was sufficient "as to cause serious bodily injury." Appellant counters this argument by pointing out that the State's position on rehearing is contrary to the position it took at trial.

### ANALYSIS

■ A section 9.42 defense of property instruction is, on its face, a confession-and-avoidance or "justification" type of defense. *Walters v. State*, 247 S.W.3d 204, 210 (Tex.Crim.App.2007). The doctrine of confession-and-avoidance requires an ad-

---

1. *Rodriguez v. State*, No. 07–11–0093–CR, 2012 WL 5504178, 2012 Tex.App. Lexis 9393 (Tex.App.-Amarillo Nov. 13, 2012, no pet. h.).

2. TEX. PENAL CODE ANN. § 9.42 (WEST 2011).

3. TEX. PENAL CODE ANN. § 22.02(a)(1) (WEST 2011).

4. TEX. PENAL CODE ANN. § 7.02 (WEST 2011). Appellant did admit he assaulted the complainant in the same criminal episode where his brother, Rudy Rodriquez, also assaulted the same complainant.

mission of *conduct,* which includes the act or omission as well as the requisite mental state. *Juarez v. State,* 308 S.W.3d 398, 404 (Tex.Crim.App.2010). Section 9.42 is a particularized example of a "necessity defense" wherein the accused seeks to justify his conduct as being "immediately necessary" to prevent another's "imminent commission" of a statutorily listed offense. By definition, a justification defense does not rest upon the negation of a specific element of the charged offense, but instead excuses what would otherwise constitute criminal conduct. While it is true that evidence that does nothing more than negate an element of the offense does not raise a non-statutory defense,[5] with respect to statutory defenses, it is the nature of the *conduct,* not the consequences of that conduct, which determine a defendant's right to submission of a justification defense. *See Cornet v. State,* 359 S.W.3d 217, 222 (Tex.Crim.App.2012) (holding that "it is the nature of the 'conduct' not the occupation of the actor, that characterizes the availability of the defense").

Here, Appellant admitted to assaulting the complainant in a manner by which reasonable jurors concluded that he was sufficiently criminally responsible, under the law of parties, to convict him of the offense of aggravated assault. He does not seek to avoid criminal responsibility by negating the serious bodily injury element of the offense, but instead interposes the defense of property justification to excuse what would otherwise be criminal conduct. Although Appellant did not admit that his conduct was sufficient to cause serious bodily injury, his admission was a suffi-cient "confession" of criminal *conduct* to warrant the submission of a statutory justification defense.

CONCLUSION

The State's *Motion for Rehearing* is overruled.

---

5. *Ortiz v. State,* 93 S.W.3d 79, 92 (Tex.Crim. App.2002) (defendant not entitled to a non-statutory defense that merely negated an element of the State's case); *Solomon v. State,* 49 S.W.3d 356, 368 (Tex.Crim.App.2001) (defendant not entitled to non-statutory defense of "independent impulse" where the issue was adequately accounted for in the general charge to the jury); *Giesberg v. State,* 984 S.W.2d 245, 250 (Tex.Crim.App.1998) (evidence merely negating State's allegation that defendant committed the offense does not entitle him to an instruction on the non-statutory defense of alibi).