ACCEPTED
12-16-00289-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/28/2017 6:39 PM
Pam Estes
CLERK

CAUSE NO. 12-16-00289-CR

IN THE 12th DISTRICT COURT OF APPEALS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

11/28/2017 6:39:33 PM
PAM ESTES
Clerk

RON DEVOR BARRETT,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

## STATE'S REPLY TO APPELLANT'S BRIEF

**ORAL ARGUMENT NOT REQUESTED**

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

Sarah K. Bales Mikkelsen
Assistant Criminal District Attorney
Bar I.D. No. 24087139
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

COUNTERPOINT: BARRETT DID NOT CONFESS TO THE CHARGED
CONDUCT, SO HE WAS NOT ENTITLED TO SELF-DEFENSE AND DEFENSE
OF PROPERTY INSTRUCTIONS. BECAUSE THE TRIAL COURT PROPERLY
REFUSED TO INCLUDE THE REQUESTED INSTRUCTIONS, THERE IS NO
NEED TO CONDUCT HARM ANALYSES.
    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

**STATUTE/RULES**                                                    **PAGE**

**Tex. Code Crim. Proc. Ann. (West 2015)**
art. 36.14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

**Tex. Penal Code Ann. (West 2015)**
§ 22.01 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

**Tex. R. App. P.**
9.4 (i)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14


**STATE CASES**                                                       **PAGE**

*Clifton v. State,* 21 S.W.3d 906
(Tex. App.—Fort Worth 2000, pet. ref'd) . . . . . . . . . . . . . . . . . . .   6

*Ex parte Nailor,* 105 S.W.3d 272
(Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Ex Parte Nailor,* 149 S.W.3d 125
(Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Granger v. State,* 3 S.W.3d 36
(Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Holloman v. State,* 948 S.W.2d 349
(Tex. App.—Amarillo 1997, no pet.) . . . . . . . . . . . . . . . . . . . . .   8

*Juarez v. State,* 308 S.W.3d 398
(Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7, 12

# INDEX OF AUTHORITIES, CONTINUED

**STATE CASES**                                                          **PAGE**

*Kunkle v. State*, 771 S.W.2d 435
   (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

*Ngo v. State*, 175 S.W.3d 738
   (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

*Rodriguez v. State*, 392 S.W.3d 859
   (Tex. App.—Amarillo 2013, no pet.) . . . . . . . . . . . . . . . . . . . . . 7, 8

CAUSE NO. 12-16-00289-CR

IN THE 12th DISTRICT COURT OF APPEALS
TYLER, TEXAS

RON DEVOR BARRETT,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

The State of Texas respectfully urges this Court to overrule appellant Ron Barrett's alleged errors and affirm the judgment of the trial court.

## STATEMENT OF THE CASE

On November 20, 2015, Ron Devor Barrett was charged by information with misdemeanor assault family violence in Cause No. 002-83264-15, filed in County Court at Law #2, Smith County, Texas. Tex. Penal Code Ann. § 22.01 (a)(1) (West 2015); (1 C.R. at 2). Barrett retained Clifton Roberson to represent him and pleaded not guilty. (1 C.R. at 4, 67.) On October 18, 2016, the jury convicted Barrett and sentenced him to six months' confinement in the county jail, with a $2,000 fine. (C.R. at 44.) On June 28, 2017, the court

1

appointed appellate counsel Austin Jackson. (Supp. C.R. at 1.) He filed a brief on October 12, 2017, and the State's response is due by November 28, 2017.

STATEMENT OF FACTS

On October 16, 2015, Tiffany Pinkerton begrudgingly drove to an auto shop in Tyler to return the Suburban that Ron Barrett had loaned her earlier that fall. (2 R.R. at 157.) Incensed over losing access to Barrett's vehicle, Pinkerton stepped out with a combination axe/sledgehammer and began to attack the hood. (2 R.R. at 161.) At some point after Barrett disarmed Pinkerton, he repeatedly punched her in the face with a closed fist. (2 R.R. at 163; 3 R.R. at 30.) From across the street, Jeffrey Hayes watched as Barrett doggedly pursued his victim down the street, kicking, punching, and choking her when she tried to escape. (3 R.R. at 46, 51.) After Officer Robert Main arrived in response to Hayes's 911 call, Barrett angrily complained about the property damage to his Suburban. (2 R.R. at 216.) And while he acknowledged that they fought after he took the axe from Pinkerton, Barrett never admitted to striking or injuring her. (2 R.R. at 217, 222.)

At trial, Barrett did not take the stand. However, his friend, Cedric Nobles, claimed that Barrett was trying to protect himself when he

2

grabbed Pinkerton during their initial struggle over the axe. (3 R.R. at 75, 80.) However, Nobles never indicated that Barrett struck or injured Pinkerton. What's more, he denied seeing or hearing any aspect of the second incident. (3 R.R. at 82.) And according to Pinkerton, the deep gash over her forehead was caused not by being punched, but by the axe striking her during their initial struggle. (3 R.R. at 90.) In fact, she maintained that Barrett did not intentionally, knowingly, or recklessly cause her injuries. (2 R.R. at 202.) Beyond that, Pinkerton claimed not to remember whether he had kicked, hit, or choked her during the second incident. (3 R.R. at 91.) Instead, she merely acknowledged that he laid hands on her after she took a swing at him. (3 R.R. at 91, 100.)

## REPLY TO APPELLANT'S POINTS OF ERROR

COUNTERPOINT: BARRETT DID NOT CONFESS TO THE CHARGED CONDUCT, SO HE WAS NOT ENTITLED TO SELF-DEFENSE AND DEFENSE OF PROPERTY INSTRUCTIONS. BECAUSE THE TRIAL COURT PROPERLY REFUSED TO INCLUDE THE REQUESTED INSTRUCTIONS, THERE IS NO NEED TO CONDUCT HARM ANALYSES.

3

## SUMMARY OF ARGUMENT

In his first and second issues, Barrett complains about the trial court's refusal to include his requested self-defense and defense of property instructions in the jury charge. To be entitled to either of these instructions, he must have admitted to the act alleged in the information—that he intentionally, knowingly, or recklessly injured Tiffany Pinkerton by striking her with his hands. Instead, Barrett claimed that Pinkerton was accidentally injured by the axe. Therefore, the confession and avoidance doctrine was not satisfied, and he was not entitled to his requested instructions.

Finally, Barrett complains in his third ground that he was harmed by the trial court's failure to include his requested instructions. But the trial court's refusal to include the instructions was proper, and harm analyses are only conducted if there is charge error.

### A.    STANDARD OF REVIEW

*1. The standard of review for when a trial court improperly denies a requested instruction depends on whether the defendant preserved error.*

On appeal, the court reviews alleged charge error by considering (1) whether error existed in the charge; and (2) whether sufficient harm

resulted from the error to compel reversal. *Ngo v. State,* 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). In cases where the evidence fails to raise a defensive issue, the trial court commits no error in refusing a requested instruction, and the reviewing court will not conduct a harm analysis. *Id*. at 743; *Kunkle v. State,* 771 S.W.2d 435, 444 (Tex. Crim. App. 1986).

When the trial court improperly refuses a requested instruction, the degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Ngo,* 175 S.W.3d at 743. Under *Almanza,* jury charge error requires reversal when the defendant has properly objected to the charge and the reviewing court finds "some harm" to his rights. *Ibid*. However, when the defendant either fails to object or affirmatively states that he has no objection to the charge, reversal is not required unless the error caused the defendant "egregious harm." *Id*. at 743-44.

> *2. Barrett properly preserved his jury charge complaints for appellate review. Therefore, reversal will be required if this Court finds charge error that caused "some harm" to his rights.*

In his argument, Barrett expresses concern that the Court will find that he failed to preserve error because (1) he did not submit his charge objections in writing; and (2) the State's proposed jury charge is not included in the

5

record. (Appellant Br. at 5.) But his lawyer clearly explained his requests for self-defense and defense of property instructions, and the trial court even suspended the charge conference so that the lawyers could research and present case law in support of their respective positions. (3 R.R. at 111, 119.) Additionally, the record is clear that the State's original proposed jury charge contained self-defense instructions, and the requirement that charge objections be in writing is satisfied if they are "dictated to the court reporter in the presence of the court and the State's counsel, before the reading of the court's charge to the jury." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2015). Therefore, the State concedes that Barrett properly preserved his objections to the jury charge.

**B.   APPLICABLE LAW**

> *1. A defendant must satisfy the confession and avoidance doctrine before he is entitled to a jury instruction on self-defense.*

Before an instruction on self-defense is warranted, the defendant has the burden of coming forward with evidence that sufficiently raises the issue. *Clifton v. State*, 21 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, pet. ref'd). Under the confession and avoidance doctrine, a self-defense instruction is only

6

appropriate when the defendant admits to every element of the offense, including the culpable mental state, but introduces a justification that excuses the otherwise criminal conduct. *Ex Parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004). Once this burden is met, the defendant has the right to a self-defense instruction, whether the evidence is "weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Ibid*. But if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. *Ibid*.

> *2. A defendant must satisfy the confession and avoidance doctrine before he is entitled to a jury instruction on defense of property.*

Like self-defense, defense of property is a confession-and-avoidance type of defense in which a defendant claims that his conduct was immediately necessary to prevent a crime against his property. *Rodriguez v. State*, 392 S.W.3d 859, 860-61 (Tex. App.—Amarillo 2013, no pet.). But before he is entitled to use the defense, he must admit to committing the act with the requisite culpable mental state. *Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010). By definition, a justification defense does not rest upon the

negation of a specific element of the charged offense, but instead excuses what would otherwise constitute criminal conduct. *Rodriguez,* 392 S.W.3d at 861.

### C. ARGUMENT

*1. Barrett's case is distinguished from Holloman.*

In his brief, Barrett cites *Holloman v. State* in support of his argument that a defendant charged with assault is not required to admit to the "exact manner and means alleged" to be entitled to a defensive instruction. (Appellant Br. at 10.) But in that case, Holloman took the stand and admitted to fighting with his wife, so the Seventh Court of Appeals found "evidence in the record from which it could reasonably be said that he conceded striking her." *Holloman v. State*, 948 S.W.2d 349, 352 (Tex. App.—Amarillo 1997, no pet.). In fact, the only real question in that case seemed to concern whether Holloman injured his wife using his legs or hands. *Ibid.*

This case bears little resemblance to *Holloman*, because Barrett never admitted to intentionally, knowingly, or recklessly injuring Pinkerton. (2 R.R. at 150, 202, 222; 3 R.R. at 149.) Instead, his defense consistently maintained that Pinkerton's injuries were caused by accident when she was struck with the axe. (2 R.R. at 150; 3 R.R. at 90, 149.) By denying the

applicable culpable mental state, Barrett's discrepancies with the charges against him extend well beyond mere quibbles over the "exact manner and means alleged." Consequently, *Holloman* is inapplicable.

> *2. In Ex parte Nailor, the defendant claimed that he acted in self-defense but denied the act that the State alleged caused his victim's injury (striking her with his hand). As a result, the confession and avoidance doctrine was not satisfied, and he was not entitled to a charge instruction on necessity.*

Another case clearly answers the question of whether Barrett was entitled to his requested charge instructions. In that case, the State charged Mark Nailor with misdemeanor assault after he punched his girlfriend, Ella Vines. *Ex parte Nailor,* 149 S.W.3d 125, 132 (Tex. Crim. App. 2004). At trial, the defendant denied punching Vines and instead provided a version of events that bore little resemblance to the charges laid out in the information. *Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004). According to Nailor, he raised his arms to protect himself when Vines raised a brass eagle over her head and threatened him. *Ex parte Nailor*, 105 S.W.3d 272, 274 (Tex. Crim. App. 2003). When he knocked the eagle out of her hands, Nailor claimed that it accidentally struck and injured her face. *Ibid*.

9

Based on Nailor's testimony, the Court of Criminal Appeals concluded that he "did not, at least overtly, rely on the law of self-defense; he testified to the lack of a culpable mens rea, and he denied that the act the State alleged as causing her injury—striking Ella with his hand—was, in fact, the cause of her injury." *Ex parte Nailor*, 149 S.W.3d 125, 132-33 (Tex. Crim. App. 2004). In other words, because Nailor's position was that the victim was accidentally injured and that he did not strike the victim with his hand as alleged by the State, his defense was "more in the nature of a denial of two of the State's alleged elements, rather than an admission of those elements with a legal justification for them." *Ibid*. Therefore, Nailor was not entitled to a jury instruction on the defense of necessity. *Ibid*.

> 3. *In this case, Barrett claimed that he acted in self-defense and defense of property. However, he denied the act that the State alleged caused his victim's injury (striking Pinkerton with his hand). As a result, the confession and avoidance doctrine was not satisfied, and he was not entitled to charge instructions on self-defense and defense of property.*

The circumstances of Nailor and Barrett's crimes are remarkably similar, and this Court should likewise conclude that the trial court properly refused to include Barrett's requested instructions in the jury charge based on the following:

- Like Nailor, Barrett was charged by information with misdemeanor assault for intentionally, knowingly, and recklessly causing bodily injury by striking the victim with his hands. *Ex parte Nailor*, 149 S.W.3d 125, 132-33 (Tex. Crim. App. 2004); (1 C.R. at 2).

- Like Nailor, Barrett's defense denied that striking Pinkerton with his hand caused her injury. *Ex parte Nailor*, 149 S.W.3d 125, 132-33 (Tex. Crim. App. 2004); (3 R.R. at 90).

- Like Nailor, Barrett's position was that the victim was accidentally injured, caused by the struggle over the axe. In that way, his defense was akin to a denial of two of the State's alleged elements, rather than an admission of those elements backed by a legal justification for them. *Ibid.*

- Like Nailor, Barrett denied committing the charged offense when he denied having the requisite intent or committing the act alleged in the information. *Ibid.*

- Like Nailor, Barrett was not entitled to his requested charge instructions because he failed to satisfy the confession and avoidance doctrine.

 

    *4. The trial court properly denied Barrett's requested charge instructions, so there is no need for harm analyses.*

In his third and final point of error, Barrett complains that he was harmed by the trial court's refusal to submit his requested self-defense and defense of property instructions. But in *Ngo*, the Court of Criminal Appeals explained that it conducts a harm analysis only if it has already concluded that the trial court committed charge error. *Ngo*, 175 S.W.3d at 743. As previously established, the trial court did not commit charge error because Barrett was not

11

entitled to his requested instructions after he denied committing the charged offense. Therefore, there is no need for harm analyses, and Barrett's third and final point of error should be overruled. *See Kunkle*, 771 S.W.2d at 444.

## CONCLUSION

In his first two issues, Barrett complains that the trial court erred when it denied his requests for self-defense and defense of property instructions in the jury charge. Although a defendant is entitled to a charge instruction on any defensive issue raised by the evidence, certain conditions must be met. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). First, the defendant must admit not only to the act, but also to the requisite mental state. *Juarez*, 308 S.W.3d at 406. Therefore, Barrett was required to admit that he intentionally, knowingly, and recklessly injured Tiffany Pinkerton by striking her with his hand. But Barrett never admitted to striking Pinkerton with his hand, and he contended that her injury was caused accidentally during a struggle over the axe. As a consequence, the confession and avoidance doctrine was not satisfied and Barrett was not entitled to self-defense and defense of property instructions. Because the trial court properly refused to submit the

12

requested instructions, there is no need for a harm analysis. In conclusion, each of Barrett's three points of error is without merit and should be overruled.

## PRAYER

The State asks the Court to overrule Ron Barrett's three points of error and affirm the judgment of County Court at Law #2, Smith County, Texas.

Respectfully submitted,

D. Matt Bingham
Smith County Criminal District Attorney


*SK Bales Mikkelsen*

Sarah K. Bales Mikkelsen
Asst. Criminal District Attorney
Bar No. 24087139
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
smikkelsen@smith-county.com


## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4 (i)(3), this document contains 3,247 words.


*SK Bales Mikkelsen*

Sarah K. Bales Mikkelsen

14

## CERTIFICATE OF SERVICE

On November 28, 2017, the following have been completed:

(1) The original legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent has been sent via electronic filing to Austin Jackson at JLawAppeals@gmail.com

Sarah K. Bales Mikkelsen
Asst. Criminal District Attorney
Bar No. 24087139
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
smikkelsen@smith-county.com