

## NUMBER 13-18-00239-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

WILLIAM GEORGE BROWN,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                        Appellee.

On appeal from the 377th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant William George Brown appeals his conviction for two counts of aggravated assault with a deadly weapon, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). By two issues, Brown argues that the trial court erred by: (1) refusing

to instruct the jury on self-defense, and (2) excluding an exhibit from juror consideration during the guilt-innocence phase of his trial. We affirm.

## I. BACKGROUND

The indictment alleged that Brown "intentionally and knowingly threaten[ed]" David Flores and Danny Flores "with imminent bodily injury by pointing a firearm" at David and Danny and "threatening to kill" them. *See id*. The State presented evidence at trial that David owned a trucking company, David Flores Trucking, that would occasionally pay for and remove dirt from 2339 Lower Mission Valley Road (the property). Brown lived on the property along with his wife, Debra Brown. His wife's parents, Evelyn and L.E. Wagner, lived on the property in a separate house. On August 11, 2016, Corina Flores, David's wife, went to the property to drop off magnets for her husband's trucks. Corina testified that after she pulled her vehicle over on the gravel road located on the property, Brown approached her vehicle; she noticed in her rearview mirror that he was holding a gun. According to Corina, she and Brown had a confrontational conversation and Brown told her that she and her family needed to leave the property. Corina testified that she drove away from Brown's house and further toward the back of the property.

David learned of the incident involving his wife and Brown, and after loading up the trucks, David went to the front of the property to talk to Brown about what had happened. Danny, David's brother, was driving a second dump truck and following behind David. David testified that as he approached Brown's house, Brown, who was inside of his fence, waved him over. David parked his dump truck near the Brown house and went to talk with Brown. David stated that there was an argument and both parties cursed at each other. Shortly after David and Brown began arguing, Danny pulled up to the area. Danny

2

testified that he saw his brother arguing with Brown and stopped to find out what was going on in an attempt to diffuse the situation.

When Danny approached, Brown was still inside of his fence. Danny stated that he heard both of the men arguing. Danny testified that when he stood beside his brother, Brown walked to his carport and retrieved a gun. Danny and David both testified that Brown brandished the gun and pointed it directly in their faces while threatening to kill them if they did not get off of his property. David walked away and called 911.

Brown testified that he did approach Corina's vehicle with his gun out, but that he never used it to threaten her; he was just being "cautious" about who was on his land. He stated that he put the gun in his pocket when he talked to her. He also testified that he did not wave David down as the dump truck approached, but that David got out to confront him about what had happened with Corina. Brown stated that he never cursed at David and that when Danny joined David, he was afraid of what they would do. Brown admitted that he retrieved his gun but denied ever pointing the gun at either David or Danny and denied that he ever threatened either of them.

The jury returned a guilty verdict. Punishment was assessed at two years in the Texas Department of Criminal Justice—Institutional Division for each count, to run concurrently, suspended for ten years of community supervision. This appeal followed.

## II. JURY CHARGE ERROR

Brown first argues that the trial court erred in not granting his request for a self-defense instruction in the jury charge. *See id.* § 9.31. The State responds that Brown was not entitled to a self-defense instruction because he did not admit the conduct charged. We agree with the State.

3

**A.      Standard of Review and Applicable Law**

All alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court.  *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).  Appellate review of purported error in a jury charge involves a two-step process. *Id*.  First, we determine whether the jury instruction is erroneous.  *Id*.  Second, if error occurred, then we must analyze that error for harm.  *Id*.  The issue of error preservation is not relevant until harm is assessed because the degree of harm required for reversal depends on whether the error was preserved.  *Id*.

Self-defense is a justification for one's actions, which necessarily requires admission that the conduct occurred.  *See Juarez v. State*, 308 S.W.3d 398, 402 (Tex. Crim. App. 2010) (citing *Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999) (discussing defense of necessity as justification)); *MacDonald v. State*, 761 S.W.2d 56, 60 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd).  Self-defense is inconsistent with a denial of the conduct.  *Davis v. State*, 490 S.W.3d 268, 276 (Tex. App.—Fort Worth 2016, pet. ref'd).  To raise the issue of self-defense, appellant must admit to committing each element of the offense and the requisite mental state, and then offer self-defense as justification.  *Id*.; *see Young*, 991 S.W.2d at 839 (finding defendant was not entitled to instruction on defense of necessity because he argued he did not commit offense); *see also Anderson v. State*, 11 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

"A defendant is entitled to a jury instruction on self defense if the issue [of self defense] is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the

4

defense." *Elizondo v. State*, 487 S.W.3d 185, 196 (Tex. Crim. App. 2016) (quoting *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001)).  When reviewing a trial court's decision denying a request for a self-defense instruction, we view the evidence in the light most favorable to the defendant's requested submission.  *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017).  A trial court errs in denying a self-defense instruction if there is some evidence, from any source, when viewed in the light most favorable to the defendant, that will support the elements of self-defense.  *Id.*

## B.     Analysis

Here, Brown did not admit to the actions and mental state which would constitute aggravated assault with a deadly weapon.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2).  While Brown candidly admitted to carrying the gun and showing the gun to David and Danny, on direct-examination he expressly denied intentionally or knowingly threatening David or Danny with bodily injury and was adamant that he never pointed the gun at either David or Danny.  Relying on *VanBrackle v. State*, Brown asserts that the defensive issue of whether or not he actually committed the crime for which he is charged can be raised by any witness "even those called by the State."  179 S.W.3d 708, 712 (Tex. App.—Austin 2005, no pet.).  We disagree.  There, both the State and defense witnesses were able to confirm that the appellant committed the aggravated assault by shooting another man.  *Id*. at 710.  Here, Brown denies that he committed the assault.  Because he denied culpability for the actual crime with which he was charged, aggravated assault, he was not entitled to a self-defense instruction.  *See Young*, 991 S.W.2 at 839; *see also Saldivar v. State*, No. 13-06-00082-CR, 2007 WL 548815, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 22, 2007, pet. ref'd) (mem. op., not designated for publication).

5

We overrule Brown's first issue.

### III.    Exclusion of Evidence

By his second issue, Brown asserts that the trial court erred by removing from evidence a deed that he contends showed Brown's ownership of the property, thus preventing him from making the argument that he was protecting himself and his property under the castle doctrine. *See* Tex. Penal Code Ann. § 9.41.

### A.    Standard of Review

We review the trial court's exclusion of evidence using an abuse of discretion standard. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005); *Webb v. State*, 991 S.W.2d 408, 418 (Tex. App.---Houston [14th Dist.] 1999, pet. ref'd). Although a trial court has substantial discretion, it can abuse its discretion if its rulings are outside of "that zone within which reasonable persons might disagree." *Webb*, 991 S.W.2d at 418; *see Apolinar*, 155 S.W.3d at 186. A trial court's ruling on the admissibility of evidence will be upheld if the record reasonably supports the ruling. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *see also Clark v. State*, 305 S.W.3d 351, 358–59 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 365 S.W.3d 333 (Tex. Crim. App. 2012).

There are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense. *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005).

### B.    Castle Doctrine

Brown contends that exclusion of the deed to the property deprived him of his right to present his defense that he was defending his property pursuant to the castle doctrine. *See* TEX. PENAL CODE ANN. § 9.41(a).[1]  Texas Penal Code § 2.03(c) states, "[t]he issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense." *Id*. §2.03(c).  The castle doctrine, or defense of property, is used to defend one's actions in use of force as a justification type of defense. *Rodriguez v. State*, 392 S.W.3d 859, 860 (Tex. App.—Amarillo 2013, no pet.) (stating that a defense of property instruction is, on its face, a confession-and-avoidance or justification type of defense).  Consistent with our analysis above in regard to the self-defense instruction, to be entitled to argue a justification type of defense, Brown needed to present evidence of his culpability for the accused crime, not strict denial as we have here. *See Young*, 991 S.W.2d at 838.  Brown denies his culpability and therefore, he is not entitled to a castle doctrine defense. *Id*.  Because Brown was not entitled to a castle doctrine defense, the trial court did not err in excluding the deed as irrelevant to the issues presented to the jury. *See* TEX. R. EVID. 402 ("Irrelevant evidence is not admissible."); *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016) (stating that only relevant evidence is admissible, and that the trial court judge has the discretion to exclude irrelevant evidence).  We overrule Brown's second issue.

**IV.    CONCLUSION**

The judgment of the trial court is affirmed.

---

[1] "[A] person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property." TEX. PENAL CODE ANN. § 9.41(a).

7

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2019.